# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on September 11, 2012

## STATE OF TENNESSEE v. ERIC DEMOND McCATHERN

### Appeal from the Criminal Court for Davidson County
### No. 2009-C-2600      Cheryl Blackburn, Judge

---

### No. M2011-01612-CCA-R3-CD - Filed November 16, 2012

---

JAMES CURWOOD WITT, JR., J., concurring.

I concur in the result in this case. My only departure from the majority opinion stems from the majority's use of abuse-of-discretion review of the sentence alignment issue.

Tennessee Code Annotated section 40-35-401(d) provides:

> When reviewing sentencing issues raised pursuant to subsection (a), including the granting or denial of probation and the length of sentence, *the appellate court shall conduct a de novo review on the record* of the issues. The review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct.

T. C.A. § 40-35-401(d) (emphasis added). This subsection was not expressly obliterated by *State v. Bise*, — S.W.3d —, 2012 WL 4380564 (Tenn. 2012). So, this statutory imperative for de novo appellate review seems to survive and prevail when the Sixth Amendment constraints do not apply. Those constraints do not apply to sentence alignment issues. *Oregon v. Ice*, 555 U.S. 160, 172 (2009); *State v. Allen*, 259 S.W.3d 671, 688 (Tenn. 2008). Thus, respectfully, until our supreme court tells us otherwise, I would apply the statutory standard in reviewing the defendant's complaint about consecutive sentencing.

An opportunity arises here to point out that Code section 40-35-115 which governs consecutive sentencing in general says that the "court *may* order sentences to run

consecutively if the court finds by a preponderance of the evidence" that any of the enumerated circumstances apply. *See* T.C.A. § 40-35-115(b) (emphasis added). The use of the word "may" typically suggests a measure of discretion, and one would typically assign an abuse-of-discretion standard to the appellate review of a lower court's discretionary act. The word "may" appeared, however, in subsection -115(b) prior to the so-called *Blakely* statutory sentencing revisions in 2005; yet, review of consecutive sentencing has generally been undertaken pursuant to the de novo provision of section 40-35-401(d).

That said, I do not see that a different standard of review changes the result in the present case.

JAMES CURWOOD WITT, JR., JUDGE